UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELL HENDERSON, #810508,

       Petitioner,

                               CASE NO. 2:14-CV-13912
v.                                   HONORABLE SEAN F. COX

B FOREMAN,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Tyrell Henderson ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentences. Petitioner was convicted of three counts of armed robbery, one count of conspiracy to commit armed robbery, one count of assault with intent to rob while armed (vacated on appeal), one count of carrying a concealed weapon, and one count of possession of a firearm during the commission of a felony following a jury trial in the Genesee County Circuit Court in 2011. He is serving concurrent terms of 225 months to 40 years imprisonment on the armed robbery and conspiracy convictions, a concurrent term of two to five years imprisonment on the concealed weapon conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner asserts that the state trial court mis-scored four offense variables of the state sentencing guidelines.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his armed robbery of a store in Flint, Michigan on October 26, 2010 with co-defendant Phillip Charles Gibbs, who was tried and convicted of similar charges during their joint trial with separate juries. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

2

>This case arises from an armed robbery that occurred at a store called Wholesale 4 U in Flint, Michigan, on October 26, 2010. Nancy Anagnostopoulos and her husband, Costas Anagnostopoulos, owned the store and were present at the time of the robbery. Also present was employee Jeremy Kassing. Defendants had been to the store together numerous times that day. Originally, they had hoped to pawn some jewelry. After finding out that the jewelry had no value, Henderson purchased a video game. He later decided to return it. Defendants entered the store and told Costas that the game did not work. As Costas attempted to help determine what was wrong with the game, Henderson struck him in the head with a gun. Gibbs, who was not personally armed during the incident, approached Nancy and removed her necklaces and ring. He took her identification and purse. Gibbs also took an iPod from the store, as well as a number of laptop computers. In the meantime, Henderson took Costas's jewelry, wallet, and money. He ordered Costas to open the store's register and then took Costas to a back room where a safe was kept. Part of Costas's ear was cut off as a result of the blow he received, and he received stitches for the injury. Kassing's wallet was also taken. A subsequent search of the home Gibbs shared with his mother uncovered a sandwich bag containing jewelry, a sandwich bag containing papers and the identifications of the three victims, and several watches identified as those taken from the store.
>
>In separate police interviews, both defendants admitted their involvement. However, Gibbs told the officer that his involvement was involuntary. Gibbs believed that they were going to the store to return the video game and had no idea that Henderson was planning a robbery. Gibbs stated that Henderson ordered him to take the victims' belongings and other store items. Gibbs testified at trial that he complied only because he did not want anything to happen to him.
>
>The juries convicted defendants and they were sentenced....

*People v. Gibbs (& Henderson)*, 299 Mich. App. 473, 478-79, 830 N.W.2d 821 (2013).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising a double jeopardy claim and the same sentencing claims presented on habeas review. The Michigan Court of Appeals granted relief on the double jeopardy claim and vacated Petitioner's assault conviction, but denied relief on his sentencing claims and affirmed his remaining convictions and sentences. *Id.* at 488-94. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Henderson*, 495 Mich. 889, 838 N.W.2d 876 (2013).

Petitioner dated his federal habeas petition on September 29, 2014. In his pleadings, he challenges the scoring of Offense Variables 3, 4, 13, and 14 of the Michigan Sentencing Guidelines.

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

### IV.    Analysis

Petitioner asserts that he is entitled to habeas relief due to sentencing error – namely that the state trial court erred in scoring Offense Variables 3 (physical injury), 4 (psychological injury), 13 (continuing pattern of criminal behavior), and 14 (offender leadership role) of the Michigan Sentencing Guidelines. The Michigan Court of Appeals rendered the last reasoned decision on these claims and denied relief. The court determined that Offense Variables 3, 4, 13, and 14 were properly scored. *Gibbs (& Henderson)*, 299 Mich. App. at 492-94.

The Michigan Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application thereof. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* MICH. COMP. LAWS §§ 750.529, 750.157a, 750.227, 750.227b. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner asserts that he is entitled to habeas relief because the trial court erred in scoring Offense Variables 3, 4, 13, and 14 of the state sentencing guidelines. Such claims, however, are not cognizable on federal habeas review because they are state law claims. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court

5

sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which relief may be granted as to such issues.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He had a sentencing hearing before the trial court with ample opportunity to challenge the scoring of the disputed offense variables. He also presented his sentencing claims to the state appellate courts, which denied relief. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claims and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court relief on the merits, the substantial showing threshold is met

6

if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Having done so, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: October 28, 2014                     S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge

I hereby certify that on October 28, 2014, the foregoing document was served on counsel of record

via electronic means and upon Tyrell Henderson via First Class mail at the address below:

TYRELL HENDERSON
810508
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

                                            S/ J. McCoy
                                            Case Manager